**The Honorable Thomas O. Rice**

Andrew Cooley, WSBA #15189
Keating Bucklin & McCormack, Inc. P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104
(206) 623-8861

UNITED STATES DISTRICT COURT
EASTERN OF WASHINGTON

ANNETTE KRAUSE,

               Plaintiff,

v.

ADAMS COUNTY,

               Defendant.

No. 2:19-cv-00268-TOR

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

12/19/2019
Without Oral Argument

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff is a long-time employee of the Adams County Sheriff's Office. She claims the elected Board of County Commissioners have mis-classified her, and argues that her salary is too low. She does not claim this was based on any invidious or animus-based discrimination. She claims her mis-classification violates her equal protection rights under the U.S. Constitution. She claims a violation of the Washington State Constitution that is remedial

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 1
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

through RCW 49.60, the Washington Law Against Discrimination (WLAD). She claims a breach of "binding agreements."

State law vests with the elected Board of County Commissioners the sole and exclusive right to set salary and other budget-based decisions. The Board of County Commissioners exercised their statutory right to place Plaintiff into the salary system and set the amount of her salary. In 2018, they took a public vote on whether to re-classify her to a higher salary schedule, at the request of the Sheriff. That vote failed 2-1. This was the decision of elected officials who answer to their constituency when it comes to matter involving the public fisc.

The Washington Constitution does not provide her any remedy. She did not claim discrimination based on any protected class, so the WLAD claim should be dismissed. Her equal protection claims fail because the Board's vote meets the low threshold of a rational decision and this lawsuit seems to violate the "class of one" doctrine. There are no contracts that were violated. Summary judgment should be granted.

## II. STATEMENT OF FACTS

Adams County Sheriff's Office operates its employment system under a well-established civil service scheme. Declaration of Perez. By Citizen Initiative passed in 1958, Washington established a Civil Service law.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 2
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Initiative Measure No. 23, approved November 4, 1958, RCW 41, et seq. The purpose of these laws is to "establish an orderly system of personnel administration based upon merit principles of appointment and promotion." *Crippen v. City of Bellevue*, 61 Wn. App. 251, 257, 810 P.2d 50, 53 (1991); *Washington Fed'n of State Emp., AFL-CIO, Council 28 v. Spokane Cnty. Coll.*, 90 Wn.2d 698, 702, 585 P.2d 474, 477 (1978) ("The policy of the civil service system is to establish merit as the basis for selecting personnel.")

Under a civil service system, employees can be exempted from the coverage of the law. *Washington Fed'n of State Emp., AFL-CIO, Council 28 v. Spokane Cnty. Coll.,* 90 Wn.2d 698, 700, 585 P.2d 474, 476 (1978). Employees covered by the civil service laws are deemed "classified service" members. RCW 41.06.020(5). Employees who are exempted are called "unclassified staff." They are frequently exempted from civil service laws by statute. *See*, RCW 41.06.072 (exempting staff working for the Department of Community Trade and Economic Development); RCW 41.06.073 (exempting the Department of Ecology Directors "confidential secretary"); RCW 41.06.075 (code does not apply to the Office of Financial Management Director's "confidential secretary.")

This process holds true for law enforcement agencies in Washington. For example, the Washington State Patrol has "confidential secretaries" for

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

agency bureau chiefs and the Chief. Those positions are exempt. RCW 41.06.093. This exemption flows from the fact that "[y]ou cannot run a government with officials who are forced to keep [their] enemies as their confidential secretaries." *McDaniel v. Woodard*, 886 F.2d 311, 315 (11th Cir. 1989) City police departments have a similar code. RCW 41.12, et seq.

The Sheriff Offices of Washington are covered by their own statute. RCW 41.14. et seq. Under this statutory scheme, the Sheriff is empowered to designate certain staff as exempt from the civil service laws. The number of staff that can be exempted depends on the size of the department. RCW 41.14. Under this code, the Adams County Sheriff is entitled to designate four staff as "unclassified" or exempt from the civil service laws. RCW 41.14.070(1) (Sheriff Department with staff between 21 and 50 shall be entitled to designed four staff as unclassified.)

Under the code, the Sheriff must select from certain authorized positions. Those are the undersheriff, inspector, chief criminal deputy, chief civil deputy, jail superintendent, and "administrative assistant or administrative secretary." *Id.*; *Greig v. Metzler*, 33 Wn. App. 223, 230, 653 P.2d 1346, 1349 (1982) (statute designates which positions may be deemed unclassified). If a sheriff's department operates a 911 emergency call system, then the sheriff may designate one unclassified staff position at the call center.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Only the sheriff of the county has authority to decide which employees will be deemed exempt or unclassified. Washington Attorney General Opinion 2017 NO. 3 (2017)

In this case, Sheriff Wagner used his statutory discretion to designate "Administrative secretary, Jail commander, Civil Deputy and E911 Coordinator" as exempt from civil service laws. Declaration of Perez, Exhibit A. Ms. Krause was the administrative secretary so designated by Sheriff Wagner. *Id.* He made this designation in July 2018, although Ms. Krause had been long designated as unclassified by his predecessors.

The effect of this designation to an unclassified position, was that Ms. Krause was not part of the classified civil service system. *Id.* As such, Ms. Krause would not have the statutory protections afforded a classified staff. For example, classified staff can only be discharged for cause and only on a written accusation. RCW 41.14.120. Classified staff have the right to appeal certain adverse employment actions to the civil service commission. *Id.*

The Board of County Commissioners also chose to exempt employees from the provisions of the FLSA. In 2006, the BCC exempted the Sheriff's Department Administrative Assistant from the FLSA. Declaration of Perez, Exhibit B (Adams County Personnel Policy), Appendix A.  BCC Resolution R-35-06. Plaintiff admits this in her Complaint. ECF No. 1 at ¶¶ 2.2 & 2.12.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

The Board of County Commissioners have the authority to set staffing levels, ratify budgets and generally set personnel policy. RCW 36.16.070; Declaration of Perez, Exhibit B. The Board has no authority over Sheriff Wagner's decision to designate Ms. Krause as unclassified.

In 2012, the Board eliminated the Sheriff Mid-Management Salary Schedule and voted to move the Administrative Assistant position to the Non-Union Salary Schedule, Range 8. This occurred on November 19, 2012. Declaration of Perez, Exhibit C (Commissioners' Proceedings Minutes Nov. 19, 2012). Later in December 2012, the BCC voted to move the Administrative Assistant position to Range 9. *Id*., Exhibit D (Commissioners' Proceedings Minutes Dec. 3, 2012). Ms. Krause remained on that Range 9 salary since 2013. Declaration of Perez.

In 2018, the Sheriff requested that the Board re-classify Plaintiff. *Id*. As the minutes show: "Commissioner Marshall moved, Thompson seconded, to reclassify the Administrative Assistant position from the Adams County 8-hour non-union salary schedule to EE1, Step 2, on the Adams County Exempt Employee Salary Schedule. Vote was 2-1 against. Motion failed." *Id.*, Exhibit E (Commissioners' Proceedings Minutes Aug. 8, 2018).

As this shows, the Board made conscious and deliberate decisions about the Administrative Assistant position. It deliberately moved the position from

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

the eliminated Mid-Management Salary Schedule to the Non-Union Salary Schedule. It deliberately moved the position from Range 8 to Range 9. It deliberately voted not to move the position to the EE1, Step 2 on the Exempt Employee Salary Schedule. All these were done by public process and recorded in the minutes of the Board. This is all consistent with the Commissioner's paramount duty to set budgets and salaries. It was all consistent with state law.

### III.    LAW AND ARGUMENT

**A.    Plaintiff's Equal Protection Claim Fails the Class of One Test.**

Plaintiff does not complain that the County created separate groups for un-equal treatment. Indeed, she claims the opposite, that she is the "only exempt employee not included in the County salary schedule." ECF No. 1 at ¶ 2.4. This is an impermissible "class of one".

"Our equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.' *McGowan v. Maryland*, 366 U.S. 420, 425, 81 S. Ct. 1101, 6 L. Ed. 2d 393 (1961). See, e.g., *Ross v. Moffitt*, 417 U.S. 600, 609, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974) ('Equal protection' ... emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable'); *San Antonio Independent School Dist. v.*

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

*Rodriguez*, 411 U.S. 1, 60, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973) (Stewart, J., concurring) ('[T]he basic concern of the Equal Protection Clause is with state legislation whose purpose or effect is to create discrete and objectively identifiable classes'). Plaintiffs in such cases generally allege that they have been arbitrarily classified as members of an 'identifiable group.' *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979)." *Engquist v. Oregon Dep't of Agric.,* 553 U.S. 591, 601, 128 S. Ct. 2146, 2152–53, 170 L. Ed. 2d 975 (2008)

*Enquist* involved an Oregon State employee who claimed she was singled out for arbitrary treatment. She prevailed on the claim at trial, and the State appealed. The Ninth Circuit reversed the trial court and the Supreme Court agreed. Particularly in employment cases, where decisions about individual employees are at stake, the equal protection clause analysis is improper:

> Thus, the class-of-one theory of equal protection—which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review—is simply a poor fit in the public employment context. To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. A challenge that one has been treated individually in this context, instead of like everyone else, is a challenge to the underlying nature of the government action.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 605, 128 S. Ct. 2146, 2155, 170 L. Ed. 2d 975 (2008).

Here, the Court does not need to examine whether Plaintiff's treatment was rationally based. The *Engquist* case says this matter can be dismissed on summary judgment.

This is especially true where the County Commissioners were exercising their statutory authority. This is a function of state law, which vests with the Board of County Commissioners the absolute right to set budgets and compensation of non-elected officials. RCW 36.16.070; *Osborn v. Grant Cnty. By & Through Grant Cnty. Comm'rs,* 130 Wn.2d 615, 621, 926 P.2d 911, 914 (1996). While the Board cannot dictate who is hired for any such position, its right to set the salary is absolute. *Id*. *Rudnick v. Pierce Cty*., 185 Wash. 289, 292, 54 P.2d 409, 410 (1936) ("It is the duty of the board of county commissioners to fix the salaries to be paid county employees…"). Allowing claims like Plaintiff, in this particular context, "could jeopardize the delicate balance governments have struck between the rights of public employees and the government's legitimate purpose…" *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 607, 128 S. Ct. 2146, 2156, 170 L. Ed. 2d 975 (2008).

**B.    The County Has a Rational Basis for Her Classification.**

Even if we ignore the *Enquist* bar on this type of case, a party

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

challenging a classification bears the burden of proving that it violates equal protection. *Armour v. City of Indianapolis, Ind.,* 566 U.S. 673, 681, 132 S. Ct. 2073, 2080, 182 L. Ed. 2d 998 (2012); *Wash. Educ. Ass'n v. Smith*, 96 Wn.2d 601, 609, 638 P.2d 77 (1981). The first step in any equal protection analysis is determining the appropriate standard of review. *Boardman v. Inslee*, 354 F. Supp. 3d 1232, 1249 (W.D. Wash. 2019); *Foley v. Dep't of Fisheries*, 119 Wn.2d 783, 789, 837 P.2d 14 (1992). In equal protection cases involving finite state resources where the classification does not turn on a fundamental right or suspect classification, Court's apply the rational basis test. *Regan v. Taxation with Representation of Washington*, 461 U.S. 540, 547, 103 S. Ct. 1997, 2002, 76 L. Ed. 2d 129 (1983); *Willoughby v. Dep't of Labor & Indus.*, 147 Wn.2d 725, 739, 57 P.3d 611 (2002).

A classification must be purely arbitrary to overcome the strong presumption that it is constitutional. *Heller v. Doe by Doe*, 509 U.S. 312, 319, 113 S. Ct. 2637, 2642, 125 L. Ed. 2d 257 (1993); *Rhoades v. City of Battle Ground*, 115 Wn. App. 752, 759, 63 P.3d 142 (2002), review denied, 149 Wn.2d 1028, 78 P.3d 656 (2003).

Here, Ms. Krause works in a unique position. She is the confidential secretary to the highest law enforcement official of the County. Declaration of Perez. She has access to non-conviction data that is privileged under

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

RCW 10.97.050(3). She would have access to sensitive law enforcement information that would not be a public record. RCW 42.56.240(1) & (2). She would have access to medical records of Sheriff Department employees who might be injured and seeking accommodation under the ADA. She would have access to internal investigation files whether the allegations were sustained or un-sustained. She would be privy to information about the service of high-risk search warrants or the location of arrest targets.

This unique position is exactly why the legislature vested the Sheriff with the power to exempt her from the civil service protections afforded a typical administrative assistant in the department. And this unique position justifies the County Commissioners to set her salary schedule where they choose. She cannot and should not be compared to others, as others are not working the same job.

### C.    There Is No Claim Under the State Constitution.

Plaintiff brings a claim under Article I, Section 12 of the Washington State Constitution. ECF No. 1 at ¶ 5.4. This "requires an independent constitutional analysis from the equal protection clause of the United States Constitution." *Grant Cnty. Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 805, 83 P.3d 419, 425 (2004). But the burden to perform that analysis, and to identify a unique equal protection basis under the Washington

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

State Constitution rests on the proponent. *State v. Gunwall*, 106 Wn.2d 54, 62, 720 P.2d 808, 813 (1986). There is no reason to think the Washington Courts would treat this case different than it would be treated under the U.S. Constitutions 14th Amendment. *State v. Osman*, 157 Wn.2d 474, 484, 139 P.3d 334, 340 (2006) (Under Article 1, Section 12 "equal protection does not require that the State treat all persons identically, any classification must be relevant to the purpose for the disparate treatment."). Under that analysis, both the "class of one" and rational basis tests apply, and summary judgment is appropriate.

**D.    There Is No Binding Agreement.**

Plaintiff last cause of action, alleges that there is a written policy which is "binding on the County." ECF No. 1 at ¶ 7.2.

The County has adopted a personnel policy. Declaration of Perez, Exhibit B. It says, "These guidelines do not establish an employment contract with Adams County." *Id.*, Section 1.

The County has adopted a Salary Plan. *Id.*, Section 2. It says, "Employees shall be paid in accordance with the County classification and salary system, as established by the Board of County Commissioners." *Id.*

The County salary plan says the following: "All salaries established in accordance with the provisions of this manual are subject to the Board of

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

Commissioners' final approval of the County's annual budget….A Department Head or Elected Official may recommend an initial rate of pay beyond the minimum of a salary range if an appointee is exceptionally well qualified for or experienced in the position. All pay actions shall be approved by the Board of Commissioners." Declaration of Perez, Exhibit B, Appendix A.

Personnel policies do not create implied employment contracts. *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 224, 685 P.2d 1081, 1085 (1984). "General statements of company policy are not binding." *Klontz v. Puget Sound Power & Light Co*., 90 Wn. App. 186, 190, 951 P.2d 280, 282 (1998). "Only those statements in employment manuals that constitute promises of specific treatment in specific situations are binding." *Quedado v. Boeing Co*., 168 Wn. App. 363, 369, 276 P.3d 365, 369 (2012)

Here, the County's personnel policies say the opposite. It affirmatively says the personnel policy does not create a contract. When referencing salaries, the personnel policy continuously refers to the powers of the Board to set salaries and budgets. "These guidelines are not intended to and do not supersede the provisions of Title 36 RCW." Declaration of Perez, Exhibit B, Section 1. Title 36 is the source of that Board power.

The County made no binding promises to Plaintiff and her final cause of

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

action should be dismissed.

## IV. CONCLUSION

All of the actions taken by the elected Board arise from their absolute statutory right to set budgets, and in turn set salaries. There was no violation of the law here, and the case should be dismissed on summary judgment.

DATED:  October 30, 2019

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Andrew Cooley*
Andrew Cooley, WSBA #15189
Attorney for Defendant Adams County
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone:  (206) 623-8861; Fax:  (206) 223-9423
acooley@kbmlawyers.com

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# **DECLARATION OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on October 30, 2019, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

John C. Perry P.S., WSBA #16041
ATTORNEY AT LAW
707 W Main Ave Ste B1
Spokane, WA 99201-0631
Email:  jcperry0@gmail.com

DATED:  October 30, 2019

*/s/Tia Uy*
Tia Uy, Legal Assistant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
(206) 623-8861 / (206) 223-9423
tuy@kbmlawyers.com

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15
2:19-cv-00268-TOR
1329-00006/Motion for Summary Judgment.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423