UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNETTE KRAUSE,<br><br>              Plaintiff,<br><br>    v.<br><br>ADAMS COUNTY,<br><br>              Defendant. | NO. 2:19-CV-0268-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Adams County's Motion for Summary Judgment (ECF No. 5). The motion was submitted without a request for oral argument. The Court has reviewed the record and files therein, and is fully informed. For the reasons discussed below, Defendants' motion is granted.

**BACKGROUND**

Adams County Sheriff's Office operates its employment system under a "civil service scheme" established to provide "an orderly system of personnel administration based upon merit principles of appointment and promotion." ECF No. 5 at 2-3 (quoting *Crippen v. City of Bellevue*, 61 Wash. App. 251, 257 (1991)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

"Under a civil service system, employee can be exempted" from the civil service laws. Employees covered by the civil service law are "classified service" members; exempted employees are deemed "unclassified staff." ECF No. 5 at 3. "For example, classified staff can only be discharged for cause and only on a written accusation" and "have the right to appeal certain adverse employment actions to the civil service commission[,]" whereas unclassified staff do not. ECF No. 5 at 5 (citing RCW 41.14.120). The Sheriff Offices of Washington are "empowered to designate certain staff as exempt from the civil service law[,]" including an "administrative assistant or administrative secretary." ECF No. 5 at 4 (citing RCW 41.14.).

Plaintiff Annette Krause "is a nineteen-year exempt employee of the County serving as an administrative assistant for the sheriff's office." ECF No. 1 at 5 ¶ 2.1. As an exempt employee, Plaintiff "is not represented by a union, is exempt from the Federal Fair Labor Standards Act and the Washington Minimum Wage and Labor Standards Act, and [is] not entitled to certain benefits other employees receive." ECF No. 1 at 6, ¶ 2.2. According to Plaintiff, "[t]he County has adopted a classification system for its exempt employees which provide for salary increases by position based upon seniority and merit." ECF No. 1 at 6, ¶ 2.3. However, Plaintiff alleges that she "is the only exempt employee not included in the County salary schedule even though other office administrative employees with similar

duties in other departments are included.  ECF No. 1 at 6, ¶ 2.4.

Plaintiff complains that the Board of Commissioners "repeatedly declined to include her in the non-exempt salary schedule."  ECF No. 1 at 6, ¶ 2.6.  Specifically, "[i]n 2018, the Sheriff requested that the Board re-classify . . . the Administrative Assistant position from the Adams County 8-hour non-union salary schedule to EE1, Step 2, on the Adams County Exempt Employee Salary Schedule."  ECF No. 5 at 6.  However, in a 2-1 vote, the Commissioners denied the request.  ECF No. 5 at 6.  According to Plaintiff, "[h]ad the County placed [Plaintiff] at the proper level of the non-exempt salary schedule," she would be entitled to more money and benefits.  ECF No. 1 at 6-7, ¶¶ 2.12.

Plaintiff filed this suit on July 19, 2019, asserting Defendant is violating her equal protection rights under the Washington and United States constitutions, is violating the Washington State Privileges and Immunities Clause[1], and is in breach of agreement through its written employment policies and salary schedule.  ECF No. 1 at 8-9, ¶¶ 5.1-7.4.  Plaintiff seeks damages, attorney fees, and an order to classify her in the Exempt Employees salary schedule at a level consistent with her

---

[1]    In her Response, Plaintiff did not articulate a separate argument for the Washington State Privileges and Immunities Clause from her claim for equal protection, and has therefore waived it as a separate claim.  *See* ECF No. 17 at 4-5.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

experience, merit and the work she performs.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

In deciding, the court may only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). As such, the nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. At this stage, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

Per Rule 56(c), the parties must support assertions by: "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." The court is not obligated "to scour the record in search of a genuine issue of triable fact[;]" rather, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (brackets in original) (quoting *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir. 1995)). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

Defendant requests the Court enter summary judgment in its favor on all claims. In her Response, Plaintiff opposes the Motion and includes a new claim based on a Washington statute. For the reasons discussed below, Defendants are entitled to summary judgment.

A. **Equal Protection**

Plaintiff claims Defendant is violating her equal protection under the United States and Washington constitutions by failing to place her under the exempt

employee salary classification system. ECF No. 1 at 8-9, ¶¶ 5.1-6.2. Defendant asserts this claim must fail because it constitutes a "class-of-one" theory of equal protection, which the United States Supreme Court expressly disavowed in the public employment context:

> [T]he class-of-one theory of equal protection—which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review—is simply a poor fit in the public employment context. To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. A challenge that one has been treated individually in this context, instead of like everyone else, is a challenge to the underlying nature of the government action.
> Of course, that is not to say that the Equal Protection Clause, like other constitutional provisions, does not apply to public employers. Indeed, our cases make clear that the Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently.

*Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 605 (2008) (citations omitted). Plaintiff concedes her claim for equal protection fails under the United States constitution, but avers that, pre-*Engquist,* Washington has held that a "class of one claim" is valid under the constitution of Washington. ECF No. 17 at 4 (citing *Wash. Pub. Employees Ass'n v. State*, 127 Wash. App. 254, 268 (2005). Plaintiff also concedes she is not a member of a suspect or semi-suspect class and contends the rational basis test applies. ECF No. 17 at 5.

As Defendant rightly notes, the Court need not consider whether the constitution of Washington provides more expansive protections than the constitution of the United States. ECF No. 19 at 5. In Washington, litigants must address the *Gunwall*[2] factors when arguing the constitution of Washington provides potentially greater protection than that afforded by the constitution of the United States. *In re Marriage of Suggs*, 152 Wash. 2d 74, 80 (2004) ("Where, as here, the parties failed to brief the *Gunwall* factors, this court will not consider a claim that our state constitution affords greater protection"). As such, Plaintiff's claim for equal protection fails.

B. **Washington Statute**

Plaintiff asserts that she has a cause of action under RCW 49.44.170(1), which requires proper classification of employees by public employers:

> Washington law prohibits failure to properly classify a public employee. RCW 49.44.170(1) (a) states that it is an unfair practice for a public employer to misclassify an employee to avoid providing or to continuing to provide employment based benefits. Section 2(b) of the statute defines employment benefits as: " . . . any benefits to which employees are entitled under state law or employer policies or collective bargaining agreements applicable to the employee's correct classification". Section 2(d) of the statute states: "misclassify" and "misclassification" means to incorrectly classify or label a long-term public employee as "temporary," "leased," "contract," "seasonal," "intermittent," or "part-time," or to use a similar label that does not objectively describe the employee's actual work circumstances.

---

[2] *State v. Gunwall*, 106 Wash. 2d 54 (1986).

ECF No. 17 at 6. Plaintiff does not provide any further explanation as to how this could plausibly apply to her. Summary judgment is warranted when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case. *See Celotex*, 477 U.S. at 322.

Because this claim was not included in Plaintiff's Complaint, *see* ECF No. 1 at 8-10, and we are at the summary judgment stage, the Court need not address this argument. In any event, the Court finds that there has been no "misclassification" according to the definition provided in the statute—Plaintiff's current title (Administrative Assistant) does objectively describe Plaintiff's actual work and there is no statutory misclassification. Plaintiff is not classified as a temporary, seasonal or part-time worker to avoid paying employment benefits to her.

C. "**Assurances**"

Plaintiff argues the County made assurances that employees will be paid according to the salary classification system. ECF No. 17 at 6-7. According to Plaintiff, "Appendix A to the County's Employee Guidelines provides for the development of a uniform and equitable plan which will provide a minimum and maximum rate of pay for each classification not covered by a Collective Bargaining Agreement." ECF No. 17 at 6. Plaintiff asserts that she is "entitled to rely on the assurance in the Personnel Policy that (exempt) employees will be paid

according to the classification and salary system established by the Commissioners." ECF No. 17 at 7.

As Defendant rightly notes, the personnel policy specifically states that "[a]ll salaries established in accordance with the provisions of this manual are subject to the Board of Commissioners' final approval of the County's annual budget. . . . A department Head or Elected Official may recommend an initial rate of pay beyond the minimum of a salary range if an appointee is exceptionally well qualified for or experienced in the position. All pay actions shall be approved by the Board of Commissioners." ECF No. 5 at 12-13. Accordingly, Plaintiff has no basis to claim she is entitled to the requested classification based on the Personnel Policy, as any alleged assurances were expressly subject to further approval of the Commissioners. Defendant is entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Adams County's Motion for Summary Judgment (ECF No. 5) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment in favor of Defendant, furnish copies to the parties, and close the file.

DATED February 3, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9